## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| MICHELLE F., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket No. 2:19-cv-00344-NT |
| | ) |
| ANDREW M. SAUL, Commissioner, | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## ORDER ON SOCIAL SECURITY APPEAL

This Social Security Disability and Supplemental Security Income appeal raises the question of whether the Administrative Law Judge ("**ALJ**") supportably found that the Claimant did not have the severe impairment of myofascial pain syndrome. Based in part on this determination, the ALJ found that the Claimant retained the residual functional capacity ("**RFC**") to perform substantial gainful activity and was capable of performing jobs that exist in significant numbers in the national economy. The Claimant seeks remand because the ALJ erred in not finding that she had the severe impairment of myofascial pain syndrome. *See* Compl. (ECF No. 1); Pl.'s Itemized Statement of Errors ("**Statement of Errors**") 3–8 (ECF No. 13). Because I cannot determine whether the ALJ reached a supportable result via an acceptable analytical pathway, I **REMAND** the case.

## ADMINISTRATIVE FINDINGS

The Commissioner's final decision is the September 17, 2018 decision of the ALJ. R. 1–3, 7–29.[1] The ALJ's decision tracks the five-step sequential evaluation process for analyzing social security disability and supplemental security income claims. 20 C.F.R. §§ 404.1520; 416.920(a).

The ALJ found that the Claimant has the severe, but non-listing-level,[2] impairments of major depressive disorder and unspecified anxiety disorder. R. 13–17. The ALJ determined that the Claimant retains the RFC to perform work "at all exertional levels but with the following nonexertional limitations: she is limited to performing simple, routine tasks." R. 17. The ALJ further found that the Claimant's RFC allows her to perform work existing in significant numbers, including as a hand packager, laundry laborer, and commercial cleaner. R. 23. The ALJ therefore concluded that the Claimant was not disabled during the relevant period. R. 23.

## STANDARD OF REVIEW

A court must affirm the administrative decision provided the decision is based on the correct legal standards and is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome. 42 U.S.C. § 405(g); *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir.

---

[1]   Citations to "R. __" refer to the page numbers of the consecutively-paginated administrative record, available at ECF Nos. 9-1 to 9-9.

[2]   When a claimant's impairments meet or equal the criteria for an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, and meet the duration requirements set out in 20 C.F.R. §§ 404.1509 and 416.909, the claimant is deemed disabled without further assessment. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d).

1996) (per curiam); *Rodriguez Pagan v. Sec'y of Health & Human Servs.*, 819 F.2d 1, 3 (1st Cir. 1987) (per curiam). Substantial evidence is evidence that a "reasonable mind might accept as adequate" to support a finding. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999) (citation omitted).

## DISCUSSION

The Claimant argues that remand is required because the ALJ failed to evaluate whether her myofascial pain syndrome was a severe impairment at Step 2 of the evaluation process. Statement of Errors 3–8. The Commissioner argues that the ALJ supportably found that myofascial pain syndrome is not a severe impairment, but that even if he erred in that finding, remand is not warranted because the Claimant would still not be disabled. Def.'s Resp. (ECF No. 18.)

"The claimant bears the burden of proof at Step 2, although it is a *de minimis* burden, designed to do no more than screen out groundless claims." *Desjardins v. Astrue*, No. CIV.A 09-2-B-W, 2009 WL 3152808, at *1 (D. Me. Sept. 28, 2009), report & recommendation adopted, 2009 WL 3678257 (D. Me. Nov. 3, 2009) (citing *McDonald v. Sec'y of Health & Human Servs.*, 795 F.2d 1118, 1123 (1st Cir.1986)).

At Step 2 of the evaluation process, the ALJ purported to evaluate "[t]he claimant's alleged fibromyalgia/myofascial pain syndrome." R.14. He did not find either to be a severe impairment. R. 14–15. The ALJ grouped together fibromyalgia

and myofascial pain syndrome, even though they are distinct medical conditions. *Zendejas v. Astrue*, No. CIVA SA08CV0633XRNN, 2009 WL 1883905, at *6 (W.D. Tex. June 29, 2009) ("A different disorder called 'myofascial pain syndrome' can easily be confused with fibromyalgia, but produces a more localized pain, and often has objective physical findings.") (quoting Dan J. Tennenhouse, Attorneys Med. Deskbook § 24:16 (4th ed.)). The ALJ referred to "fibromyalgia/myofascial pain syndrome" only twice in his Step 2 analysis. In both instances, the ALJ went on to analyze only whether the Claimant has fibromyalgia:

> The claimant's alleged fibromyalgia/myofascial pain syndrome has been evaluated pursuant to Social Security Ruling 12-2p which provides guidance on how *fibromyalgia* is evaluated in disability claims under Titles II and XVI of the Social Security Act.
> . . .
> While the claimant has been reported to have fibromyalgia/myofascial pain syndrome, *fibromyalgia* has not been confirmed by a rheumatologist.

R. 14 (emphasis added) (record citations omitted). The ALJ determined that Social Security Ruling 12-2p was the relevant standard for evaluating the Claimant's fibromyalgia, identified the pertinent factors under Ruling 12-2p, and analyzed whether fibromyalgia was a severe impairment by examining the Claimant's medical records. R. 14–15. He undertook no analysis of her myofascial pain syndrome.

The Claimant's treating physician, Dr. Stevens, identified myofascial pain syndrome as a more severe impairment for the Claimant than fibromyalgia. R. 626. When determining whether an impairment is severe at Step 2, "[i]t is the ALJ's job to resolve evidentiary conflicts." *Kenyetta Day v. Berryhill*, No. 1:16-CV-00593-JAW, 2017 WL 5037454, at *3 (D. Me. Nov. 2, 2017). There was an evidentiary conflict

between Dr. Stevens's diagnosis that the Claimant has severe myofascial pain syndrome and the opinions of the state agency physicians, Dr. Trumbull and Dr. Ringel. Dr. Trumbull wrote that there was "no confirmation" of myofascial pain syndrome, R. 102, and Dr. Ringel wrote that there was "sufficient internal inconsistency and variability in complaints" that myofascial pain syndrome cannot be established. R. 130. The ALJ failed to address the conflict between her treating physician and the agency physicians at step 2. *See id.*

The Commissioner relies on *Dixson v. Colvin* to argue that any step 2 error is harmless because the ALJ gave great weight to the opinion of state agency physicians, who determined that the Claimant's myofascial pain syndrome was not a severe impairment. *See* Def.'s Resp. 9 (citing *Dixson v. Colvin*, No. 2:13-CV-165-GZS, 2014 WL 1569530, at *3 (D. Me. Apr. 18, 2014)). In *Dixson,* the court held that an ALJ's failure to account for a claimant's obesity when determining her RFC was harmless error because, at the same stage of his analysis, the ALJ expressly relied on the opinions of two physicians who accounted for the claimant's obesity-related limitations. *Dixson*, 2014 WL 1569530, at *3. I find *Dixson* to be distinguishable. Though the ALJ explained why he gave little weight to Dr. Stevens' opinion and great weight to the agency physicians, he did so only when evaluating the Claimant's RFC. *See* R. 21–22. The ALJ did not connect his treatment of these physicians' opinions to his determination about severe impairments at Step 2, nor did he specifically adopt an opinion that the Claimant's myofascial pain syndrome was not a severe impairment.

5

The ALJ does not explain whether or why the Claimant failed to meet her burden to show that myofascial pain syndrome is a severe impairment.

> While courts overlook an "arguable deficiency in opinion-writing technique" if not outcome-determinative, *see Bryant ex rel. Bryant v. Apfel*, 141 F.3d 1249, 1252 (8th Cir. 1998) (citation and internal punctuation omitted), reversal and remand are warranted when failures to explicate and/or even address material issues prevent a reviewing court from concluding that the ALJ reached a supportable result *via* an acceptable analytical pathway, *see, e.g., Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999) ("The ALJ's findings of fact are conclusive when supported by substantial evidence, but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts.") (citations omitted).

*Katherine R. H. v. Saul*, No. 1:19-CV-00038-JAW, 2020 WL 529689, at *3 (D. Me. Feb. 3, 2020), *report & recommendation adopted*, No. 1:19-CV-00038-JAW, 2020 WL 877807 (D. Me. Feb. 21, 2020); *contra Ireland v. Berryhill*, No. 17-2176, 2019 WL 4316793, at *1 (1st Cir. Sept. 9, 2019) (No prejudicial error where "[t]he rationale for omitting panic disorder with agoraphobia from the step 2 finding is discernable from the ALJ's discussion of Ireland's alleged 'social anxiety.' ").

## CONCLUSION

For the reasons stated above, I **VACATE** the decision of the Commissioner and I **ORDER** that the case be **REMANDED** for proceedings consistent with this opinion.[3]

SO ORDERED.

/s/ Nancy Torresen

---

[3] The Claimant's motion for remand before judgment (ECF No. 11) is **MOOT**. The Claimant shall have the opportunity to submit new evidence to the ALJ on remand.

6

                                                         United States District Judge

Dated this 21st day of April, 2020.